UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————

RIAZUL HAQ CHOWDHARY,

                    Petitioner,              14 Cv. 6078 (JGK)
                                             11 Cr. 859 (JGK)

          - against -
                                             MEMORANDUM OPINION AND
UNITED STATES OF AMERICA,                    ORDER

                    RESPONDENT.
————————————————————————————

JOHN G. KOELTL, District Judge:

    Riazul Haq Chowdhary, appearing pro se, moves to vacate,
alter, or amend his guilty plea, sentence, and judgment of
conviction in a petition styled alternatively as a motion for a
writ of coram nobis or for relief under 18 U.S.C. § 2255.  The
petitioner was convicted pursuant to his plea of guilty to one
count of money laundering in violation of 18 U.S.C.
§ 1956(a)(1)(B)(i).  The petitioner was sentenced principally to
time served—which amounted to virtually no time of imprisonment—
and a term of three years' supervised release.  Pursuant to a
plea agreement, the petitioner waived his right to appeal or
litigate under 28 U.S.C. §§ 2255 and 2241 any sentence within or
below the Stipulated Guidelines Range of eighteen to twenty-four
months' imprisonment.  He also agreed not to challenge his
conviction or sentence on the basis of any adverse immigration
consequences (including deportation) resulting from his guilty
plea and conviction.  The petitioner primarily alleges that his

1

defense counsel did not advise him that he would be subject to mandatory deportation as a result of his conviction, and thereby rendered ineffective assistance under the Sixth Amendment of the United States Constitution.

## I.

On October 6, 2011, Chowdhary waived his right to be indicted by a grand jury, and Information 11 Cr. 859 (JGK) (the "Information") was filed to which Chowdhary pleaded not guilty. The Information charged Chowdhary in four counts alleging various offenses.  Count Four charged that Chowdhary laundered money in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

On September 6, 2012, Chowdhary appeared before this Court and pleaded guilty to Count Four pursuant to a Plea Agreement with the Government.  Under the terms of the Plea Agreement, the parties agreed that any open counts would be dismissed. Significantly, the Plea Agreement addressed the possible immigration consequences of Chowdhary's plea:

> The defendant recognizes that because he is not a citizen of the United States, his guilty plea and conviction make it very likely that his deportation from the United States is presumptively mandatory and that, at a minimum, he is at risk of being deported or suffering other adverse immigration consequences.

Plea Agreement dated Dec. 23, 2011 ("Plea Agr.") at 5.

The Plea Agreement also indicated that Chowdhary had discussed the possible immigration consequences with his counsel:

> The defendant acknowledges that he has discussed the possible immigration consequences (including deportation) of his guilty plea and conviction with defense counsel. The defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction, even if those consequences include deportation from the United States. It is agreed that the defendant will have no right to withdraw his guilty plea based on any actual or perceived adverse immigration consequences (including deportation) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge his conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including deportation) resulting from his guilty plea and conviction.

Plea Agr. at 5. The Plea Agreement also contained a separate general waiver of any direct appeal or collateral challenge if Chowdhary was sentenced within or below the Stipulated Guidelines Range of 18 to 24 months' imprisonment. Plea Agr. at 4.

At Chowdhary's guilty plea, this Court conducted an allocution in conformity with Rule 11 of the Federal Rules of Criminal Procedure. Chowdhary was placed under oath and then answered a series of questions establishing that he was competent to enter a guilty plea. Tr. of Plea Allocution on Sept. 6, 2012 ("Plea Tr.") 3-7. The Court advised Chowdhary,

3

who was proceeding without an interpreter, to ask the Court to
stop if Chowdhary did not understand anything the Court was
saying, and Chowdhary agreed.  Plea Tr. 4-5.

As to his immigration status, Chowdhary stated that he was
not a citizen of the United States but was a permanent resident.
Plea Tr. 4.  Chowdhary stated that he had had a full opportunity
to discuss the case with his counsel and discuss the
consequences of entering a plea.  Plea Tr. 6-7.  Chowdhary
affirmed that he was satisfied with the work of his counsel.
Plea Tr. 7.  Chowdhary acknowledged the various rights he was
giving up by pleading guilty.  Plea Tr. 7-10.  Chowdhary
acknowledged that he consented to being charged by Information
rather than indictment.  Plea Tr. 11-12.  Chowdhary was also
advised of the nature of the charge to which he was pleading
guilty, Plea Tr. 11-13, the maximum penalties for that charge,
and the implications of any term of supervised release.  Plea
Tr. 13-15.

The Court examined Chowdhary about the immigration
consequences of Chowdhary's plea.  Plea Tr. 15-17.  When the
Court first asked Chowdhary about whether Chowdhary understood
that his guilty plea "may be able to be used as a basis to
remove [him] from the United States, what used to be called
deportation," Chowdhary responded, "That I need mercy.  I have

4

very small children.  I don't have a life. My wife is sick.
That's why I'm pleading guilty with the government." Plea Tr.
15-16.  Once Chowdhary responded in this way, the Court advised
him to speak with his counsel.  After Chowdhary had spoken with
his counsel about the Court's question, the Court stated, "Now,
what I want to make sure you understand is, this guilty plea can
have consequences for your status in the United States.  The
guilty plea and the resulting conviction can be used as a basis
to remove you from the United States." Plea Tr. 16.  The Court
continued, "I can't tell you that that's what's going to happen,
but I can tell you that it is a possible consequence of your
guilty plea and the resulting conviction. . . . Are you aware of
that possible consequence?" Plea Tr. 16.  Chowdhary responded
that he was.  Plea Tr. 16.  The Court also asked Chowdhary if he
had discussed the immigration consequences of the guilty plea
with his lawyer, and Chowdhary replied that he had.  Plea Tr.
16-17.

     As to the Plea Agreement, Chowdhary acknowledged that he
signed it, that he discussed it with his attorney before signing
it, and that he fully understood it before signing it.  Plea Tr.
19-20.  The Court discussed with Chowdhary the provision of the
Plea Agreement in which Chowdhary agreed to waive his right to
file an appeal or collateral challenge if the Court sentenced

him within or below the Stipulated Guidelines range.  Plea Tr.
21.  Chowdhary acknowledged that he understood that provision.
Plea Tr. 21.  The Court ensured that there was an adequate
factual basis for Chowdhary's guilty plea, and that he was aware
that his actions were illegal.  Plea Tr. 24-26.

At the conclusion of the proceeding, the Court found that
Chowdhary understood the rights that he was giving up by
pleading guilty and the consequences of his plea, and that
Chowdhary did so knowingly and voluntarily.  The Court further
found that Chowdhary acknowledged his guilt, that the plea was
entered knowingly and voluntarily, and that the plea was
supported by an independent basis in fact containing each of the
essential elements of the offense.  Plea Tr. 28.

The parties appeared before this Court for sentencing on
March 14, 2013.  Defense counsel noted that he and Chowdhary had
reviewed the Pre-Sentence Report ("PSR"), and to the extent they
did not have thirty-five days to review it, Chowdhary waived any
additional time he might have remaining out of a desire to
proceed with the sentencing.  Tr. of Sentencing Hr'g on Mar. 14,
2013 ("Sentencing Tr.") 3-4.  Chowdhary did not have any
objections to the PSR.  Sentencing Tr. 4.  Defense counsel
argued for a non-custodial sentence.  He noted that Chowdhary
had a wife and two small children in Pakistan, that he had been

unemployed since his arrest, and that he was "a little bit naïve with respect to how things work here in the United States." Sentencing Tr. 6-7.  The Court found that Chowdhary fell within Criminal History Category I, and with an offense level of 15, faced a Sentencing Guidelines range of eighteen to twenty-four months imprisonment.  Sentencing Tr. 9.  The Court varied downwardly and sentenced Chowdhary to time served and a term of three years' supervised release.  Sentencing Tr. 10.  The Court further ordered that Chowdhary pay $100,000 in forfeiture, as well as a $100 special assessment.  Sentencing Tr. 13.  The Court confirmed that Chowdhary had waived his right to appeal as part of the Plea Agreement.  Sentencing Tr. 14.  The Court nonetheless advised Chowdhary that a notice of appeal must be filed within fourteen days after the entry of the judgment of conviction.  Sentencing Tr. 14.  The judgment of conviction was entered on March 21, 2013.

On June 25, 2014, Chowdhary was arrested and taken into custody by Immigration and Customs Enforcement.  On or about July 15, 2014, Chowdhary filed the present petition.

## II.

Chowdhary styles the present petition alternatively as a motion for a writ of coram nobis or as a motion for relief under 28 U.S.C. § 2255.  Chowdhary principally argues that although

7

his counsel advised him of the potential for deportation, he was not advised of the mandatory nature of his deportation, which constituted ineffective assistance of counsel in light of the Supreme Court's decision in Padilla v. Kentucky, 559 U.S. 356 (2010).

## A.

Chowdhary's petition may only be considered under 28 U.S.C. § 2255, rather than in form of a writ of error coram nobis. A writ of error coram nobis is available under the All Writs Act as a "remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus." Fleming v. United States, 146 F.3d 88, 89-90 (2d Cir. 1998). Chowdhary is still serving his three-year term of mandatory supervised release which is considered a form of "custody." See Scanio v. United States, 37 F.3d 858, 860 (2d Cir. 1994); see also Grant v. Keysor, No. 07cv9656, 2008 WL 5501207, at *2 (S.D.N.Y. Sept. 5, 2008) ("Actual physical confinement is not required to satisfy the 'in custody' requirement."); United States v. Simmons, No. 05cr1049, 2010 WL 4922192, at *3 (S.D.N.Y. Dec. 1, 2010). Accordingly, the Court will only consider Chowdhary's petition under § 2255.

**B.**

Chowdhary is not entitled to relief under 28 U.S.C. § 2255 because he waived the right to litigate under 28 U.S.C. § 2255 in the Plea Agreement.  Chowdhary waived the right to seek habeas relief generally if the Court sentenced him within or below the Stipulated Guidelines range, which it did.  Plea Agr. at 4.  Chowdhary also waived his right to litigate under § 2255 on the basis of any adverse immigration consequences.  Plea Agr. at 5.  Chowdhary acknowledged his waiver of the right to appeal and to seek collateral relief at the guilty plea hearing and the Court reminded Chowdhary of the waiver at the sentencing hearing.  See Garcia-Santos v. United States, 273 F.3d 506, 508 (2d Cir. 2001) (per curiam) (affirming a waiver of appeal and collateral attack pursuant to a plea agreement).

Chowdhary argues that the waiver is unenforceable because he received ineffective assistance of counsel and therefore did not knowingly, intelligently, and voluntarily waive his constitutional rights.  While an appeal waiver does not "become[] unenforceable simply because a defendant claims ineffective assistance of counsel", the appeal waiver would be unenforceable if the record revealed that "the claim that the waiver was the result of ineffective assistance of counsel was meritorious."  United States v. Monzon, 359 F.3d 110, 118-19 (2d

9

Cir. 2004) (internal citation and quotation marks omitted).  To
the extent Chowdhary raises challenges to his conviction other
than the process by which the waiver was procured—namely,
effective assistance of counsel and a knowing and voluntary
plea—these are all barred pursuant to the waiver.  See Khan v.
United States, No. 07cr711, 2014 WL 2111677, at *7 (S.D.N.Y.
Apr. 28, 2014) (dismissing arguments other the knowing and
voluntary nature of the plea as waived pursuant to a plea
agreement); Kang v. United States, No. 08cv1952, 2009 WL
4016494, at *9 (E.D.N.Y. Nov. 19, 2009) (enforcing knowing and
voluntary waiver in the absence of claims of ineffective
assistance of counsel).  As described above, the record reveals
that there was no ineffective assistance of counsel as to the
waiver because Chowdhary was fully apprised of the rights that
he was waiving.  Moreover, the record discloses that the plea
was knowing and voluntary.

    Although Chowdhary now claims that he has little
understanding of English and the American legal process, he
affirmed throughout the plea hearing that he understood English,
that he understood the Plea Agreement and discussed it with his
lawyer, and that he understood the rights that he was waiving.
Plea Tr. 4-5, 19-21.  Such sworn statements in open court at a
plea hearing "carry a strong presumption of verity."  United

States v. Maher, 108 F.3d 1513, 1530 (2d Cir. 1997) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).  The Court may rely on the statements in the record, and the record of the plea hearing and sentencing hearing show that Chowdhary's waiver was fully knowing and voluntary.  See, e.g., Khan, 2014 WL 2111677, at *9 (holding that petitioner waived his right to collateral attack and rejecting argument that the waiver was not knowing and voluntary).  Accordingly, Chowdhary waived his right to litigate under 22 U.S.C. § 2255 and is barred from bringing a petition under § 2255.

## C.

Chowdhary's petition relief under 28 U.S.C. § 2255 should also be dismissed because it is untimely.  The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on an application for a writ of habeas corpus under Section 2255.  28 U.S.C. § 2255(f).  The limitations period for such a claim begins to run from the date on which the judgment of conviction becomes final.  Because Chowdhary did not file a direct appeal, the judgment of conviction in this case became final fourteen days after its entry on March 21, 2013.  See Fed. R. App. P. 4(b)(1)(A).  Chowdhary filed the present petition on or about July 15, 2014, several months after the applicable one-year limitations period

had ended.   See 28 U.S.C. § 2255(f).   Therefore, the present petition is time-barred under Section 2255.

Chowdhary argues that equitable tolling can be used to avoid the bar of the statute of limitations in this case, but there is no merit to that argument.   Equitable tolling is only appropriate in "rare and exceptional circumstances" where, despite a petitioner's reasonable diligence, "extraordinary circumstances beyond [the petitioner's] control prevented successful filing during [the required] time."   Baldayaque v. United States, 338 F.3d 145, 151 (2d Cir. 2003) (quoting Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001)) (internal quotation marks omitted).

In this case, there were no exceptional or extraordinary circumstances.   Chowdhary was aware of the immigration consequences of his plea from the time it was made, and he acknowledged the possible immigration consequences at the plea hearing.   There was nothing that prevented Chowdhary from seeking post-conviction relief, except his own agreement in the Plea Agreement not to pursue that relief.

Similarly, Chowdhary cannot rely on Section 2255(f)(4), which provides that the one-year limitations period shall run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due

diligence." 28 U.S.C. § 2255(f)(4).  Any challenge to the
effectiveness of Chowdhary's defense counsel could have been
raised at any time after the plea allocution.  See Ottenwarde v.
United States, No. 12cv6537, 2013 WL 1242632, at *4-5 (S.D.N.Y.
Mar. 28, 2013) (rejecting petitioner's § 2255 claim based on
adverse immigration consequences as untimely).

Accordingly, Chowdhary's petition under 28 U.S.C. § 2255 is
time-barred.

### III.

In any event, the petition is without merit.  Chowdhary
alleges that his defense counsel was ineffective by not advising
him of the mandatory nature of his deportation if he pleaded
guilty.  To establish a claim of ineffective assistance of
counsel, the petitioner must show both that: (1) his counsel's
performance was deficient in that it was objectively
unreasonable under professional standards prevailing at the
time, and (2) that his counsel's deficient performance was
prejudicial to his case.  See Strickland v. Washington, 466 U.S.
668, 687 (1984); Bunkley v. Meachum, 68 F.3d 1518, 1521 (2d Cir.
1995).

The petitioner cannot meet the first prong of this test
merely by showing that his counsel employed poor strategy or
made a wrong decision. Instead, the defendant must show that

"counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment." Strickland, 466 U.S. at 687.  In fact, there is a "strong presumption" that defense counsel's performance fell within the wide range of reasonable professional assistance, and "the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (citing Strickland, 466 U.S. at 688–89).

To meet the second prong of the Strickland test, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.  Where a defendant challenges a guilty plea on the basis of alleged ineffective assistance of counsel, "the defendant must show that 'there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.'"  United States v. Hernandez, 242 F.3d 110, 112 (2d Cir. 2001) (per curiam) (quoting Hill v. Lockhart, 474

14

U.S. 52, 59 (1985)); see also Ottenwarde, 2013 WL 1242632, at
*5-6.

In this case, Chowdhary primarily alleges that his defense
counsel misrepresented the immigration consequences of
Chowdhary's guilty plea and thereby rendered ineffective
assistance under Padilla v. Kentucky, 559 U.S. 356 (2010).
Chowdhary does not put forth any evidence in support of his
claim, but rather asserts that his counsel never informed him
that deportation would be mandatory, as opposed to probable.
Chowdhary also cites the Court's statement that deportation was
a "possible consequence" of his guilty plea, and argues that the
Court should have advised Chowdhary that deportation was
mandatory.  However, Chowdhary's argument is contradicted by
evidence in the record.  The Plea Agreement stated that it is
"very likely" that deportation would be "presumptively
mandatory" as a result of Chowdhary's guilty plea.  Plea Agr. at
5.  Chowdhary acknowledged that he read and understood the Plea
Agreement, that he understood that his conviction could be used
to remove him from the United States, and that he had spoken
with his counsel about immigration consequences.  Plea Tr. 16-
17, 19-20.  "A defendant cannot disavow his sworn statement made
at his plea allocution by making conclusory allegations in the
course of a subsequent challenge to the conviction or sentence."

Ottenwarde, 2013 WL 1242632, at *6 (citing Blackledge, 461 U.S. at 74).

Indeed, Chowdhary does not dispute that he was advised about the immigration consequences of his plea; rather, he argues that he was not advised of the mandatory nature of his deportation.  Not only is this argument belied by the record, it is insufficient as a matter of law to show ineffective assistance of counsel under Padilla.  See Marte v. United States, 952 F. Supp. 2d 537, 541 n.2 (S.D.N.Y. 2013) ("[T]his District, post Padilla, has denied ineffective assistance of counsel claims, even for mandatory deportation, where the petitioner affirmed his understanding of the potential for deportation during the plea allocution.").  Neither the Court nor the Government in the Plea Agreement could predict the future.  The immigration authorities could mistakenly fail to remove Chowdhary from the United States, or legislative or executive action could change the enforcement of immigration laws.  The Court correctly advised Chowdhary that his conviction "can be used to remove [him] from the United States," although the Court could not "tell [him] that's what's going to happen," Plea Tr. 16, and the Plea Agreement correctly advised Chowdhary that "his guilty plea and conviction make it very likely that his deportation from the United States is potentially mandatory

16

and that, at a minimum, he is at risk of being deported or suffering other adverse consequences." Plea Agr. at 5.

Moreover, Chowdhary has failed to present any evidence showing that he was prejudiced by any alleged advice from defense counsel concerning the immigration consequences of his guilty plea. Courts in this Circuit routinely hold that a "defendant fails to satisfy the 'prejudice prong' of Strickland where his attorney fails to inform him of the potential for deportation but the deportation consequences are otherwise addressed in the plea agreement or allocution." Marte, 952 F. Supp. 2d at 540 (collecting cases). Chowdhary was advised of the immigration consequences by the language of the Plea Agreement and by the Court at his plea allocation, but never made any request to withdraw his guilty plea. Therefore, Chowdhary has failed to establish a reasonable probability that he would have insisted on going to trial if he had received any allegedly different advice from defense counsel prior to his guilty plea.

Chowdhary has not credibly shown that he would have proceeded to trial while facing a longer sentence at trial due to his admitted guilt and then deportation at the end of this sentence. In sum, Chowdhary has failed to establish a reasonable probability that, but for his counsel's alleged

17

ineffectiveness, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see also Ottenwarde, 2013 WL 1242632, at *8.

## CONCLUSION

The Court has considered all of the arguments of the parties.  To the extent not specifically addressed above, the remaining arguments are either moot or without merit.  For the foregoing reasons, the petitioner's motion is **denied**.  The Court declines to issue a certificate of appealability because the petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).  The Clerk is directed to enter judgment and to close this case.

**SO ORDERED.**

**Dated:**     **New York, New York**
          **January 22, 2015**          _____/s/_____
                                             **John G. Koeltl**
                                    **United States District Judge**

18